IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-00054-RLV-DSC

| | |
|---|---|
| SUSPENSIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TENNECO AUTOMOTIVE | ) |
| OPERATING COMPANY INC., | |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendant's "Motion to Transfer Venue" (document # 8) filed May 22, 2015, as well as the parties' associated briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for consideration.

Defendant seeks to enforce a forum selection clause contained in a Proprietary Data Agreement executed by the parties on January 5, 2010. That clause provides that "all disputes shall be venued exclusively in state or federal courts situated in Chicago, Illinois." Defendant seeks to transfer venue to United States District Court for the Northern District of Illinois.

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S.Ct. 568, 581-83 (2013). A forum-selection clause agreed to by the parties "represents the parties' agreement as to the most proper forum" and

"enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Id. at 581. "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. The party opposing the forum-selection clause bears the burden of establishing that enforcement of the clause is unwarranted. Id.

Where a forum-selection clause "point[s] to a particular federal district," transfer to that chosen forum should be effectuated pursuant to 28 U.S.C. §1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id. at 579.

Prior to the Supreme Court's decision in Atl. Marine Const. Co., this Court applied an eleven factor test for transfer under § 1404(a). Those eleven factors are: (1) plaintiff's initial choice of forum; (2) residence of the parties; (3) relative ease of access of proof; (4) availability of compulsory process (witnesses); (5) possibility of a view; (6) enforceability of a judgment; (7) relative advantages and obstacles to a fair trial; (8) other practical problems; (9) administrative difficulties of court congestion; (10) interest of having localized controversies settled at home; and (11) avoidance of unnecessary conflict of law problems. See, e.g., AC Controls Co. v. Pomeroy Computer Resources, Inc., 284 F.Supp.2d 357, 362-63 (W.D.N.C. 2003)(considering factors and transferring venue).

The presence of a forum-selection clause changes the Court's analysis of transfer pursuant to §1404(a) in three distinct ways. "First, the plaintiff's choice of forum merits no weight." Id. at 581. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." Id. at 581-82. And "[t]hird, when a party bound by a forum-selection clause flouts its contractual obligation and

files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules - a factor that in some circumstances may affect public-interest considerations." Id. at 582 (internal citations omitted).

Applying those legal principles here, the Court concludes that Plaintiff's first cause of action for declaratory judgment of non-infringement and Defendant's Counterclaim for breach of contract directly relate to the Agreement. The forum selection clause clearly expired after one year. However, Plaintiff admits that its registration of the first domain name occurred during that year. Partial transfer of the claims here would result in inconvenience to the parties and piecemeal litigation. As Defendant contends, the eleven factor test for transfer under § 1404(a), as modified by the Supreme Court's decision in Atl. Marine Const. Co., supra, favors transfer. For these and the other reasons stated in Defendant's briefs, the Motion to Transfer Venue will be granted.

**NOW, IT IS THEREFORE ORDERED that**:

1. Defendant's "Motion to Transfer Venue" (document # 8) is **GRANTED**.

2. The Clerk is directed to hold the file in this case until fourteen days after service of this Memorandum and Order when the parties' right to appeal to the Honorable Richard L. Voorhees expires. If no party appeals this Order, then the Clerk is directed to transfer this matter to the United States District Court for the Northern District of Illinois.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: June 22, 2015

David S. Cayer
United States Magistrate Judge